Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ROBERTO OMAR CARBONELL ROSADO<br><br>Peticionario | TA2025CE00118 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.: ISCR201600792 |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de agosto de 2025.

Comparece ante nos, por derecho propio e *in forma pauperis,*[1] el señor Roberto Omar Carbonell Rosado ("señor Carbonell Rosado" o "Peticionario"), mediante *Certiorari* recibido el 24 de junio de 2025. Nos solicita la revocación de la *Resolución y Orden* emitida el 15 de mayo de 2025 y notificada el 20 de mayo del mismo año por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *No Ha Lugar* una moción al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1 instada por el Peticionario.

Por los fundamentos que expondremos a continuación, **denegamos** el presente recurso

## I.

Surge del expediente ante nuestra consideración que el Peticionario y Ministerio Público lograron alcanzar una alegación

---

[1] Conforme a la Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), se le permite al Recurrente litigar *in forma pauperis*, debido a que a que se encuentra confinado en una institución carcelaria y no cuenta con los recursos económicos necesarios para sufragar los derechos arancelarios.

preacordada en el caso ISCR201600792. El aludido acuerdo consistía en que el Peticionario realizaría una alegación de culpabilidad por dos (2) infracciones de tentativa de agresión sexual para una pena sugerida de veinticinco (25) años por cada infracción, la cual se cumpliría de manera concurrente.[2] En vista de lo anterior, el 30 de septiembre de 2016, el Peticionario se declaró culpable de los delitos previamente mencionados y el foro primario lo sentenció a una condena de veinticinco (25) años de reclusión por el delito de tentativa de agresión sexual. Posteriormente, el 20 de enero de 2017, el Peticionario presentó una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, mediante la cual solicitó la corrección del dictamen. En esencia, arguyó que la referida *Sentencia* excedió el máximo permitido por ley toda vez que la pena máxima para los delitos de tentativa era de diez (10) años.[3] Tras evaluar este escrito, el 7 de febrero de 2017, el foro *a quo* denegó la solicitud del Peticionario.

Subsiguientemente, el 26 de diciembre de 2017, el señor Carbonell Rosado presentó una segunda solicitud de nuevo juicio con los mismos fundamentos que esbozó en la primera, la cual fue denegada por el foro primario el 10 de enero de 2018.[4] Así pues, el 7 de febrero de 2018, el señor Carbonell Rosado acudió ante este foro apelativo mediante *certiorari* en el alfanumérico KLCE201800176. Por virtud de este escrito, el Peticionario le imputó al foro primario la comisión de los siguientes errores:

1. Erró el [Tribunal de Primera Instancia] al declarar *No Ha Lugar* de plano la moción al amparo de la Regla 192.1 R.P.C. radicada por el [peticionario], esto a pesar de que, de la faz del escrito y del récord, se puede determinar que el peticionario tiene derecho al remedio solicitado.

---

[2] Véase, SUMAC TA, Entrada 3, Anejo: *Oposición a Moción Bajo Regla 192.1 de la de Procedimiento Criminal*, págs. 1-2.
[3] *Íd.*, pág. 2
[4] *Íd.*

2. Erró el Tribunal de Primera Instancia al no conceder una vista evidenciaria para dilucidar los fundamentos del peticionario.

3. Erró el Tribunal de Primera Instancia en su *Resolución*, [al] no establecer las cuestiones en controversia, ni formular las determinaciones de hecho y conclusiones de derecho respecto a la Resolución dene[gada].[5]

Así las cosas, el 30 de abril de 2018, un panel hermano de este Tribunal de Apelaciones emitió *Sentencia* en la cual expidió el auto de *certiorari* interpuesto por el Peticionario y revocó la determinación del foro primario. En esencia, el panel hermano concluyó que el foro *a quo* erró al rechazar de plano la moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra,* pues la misma cumplía con las exigencias probatorias aplicables y estaba apoyada sobre un argumento meritorio. En consecuencia, se le ordenó al foro primario celebrar una vista de conformidad con el proceso establecido en la Regla 192.1 de Procedimiento Criminal, *supra.*

Surge del expediente que, en cumplimiento con lo ordenado por esta Curia, el foro primario llevó a cabo la vista ordenada. Culminada la misma, 22 de octubre de 2018, el foro *a quo* procedió a ordenar la corrección de las penas y condenó al Peticionario a una pena de diez (10) años de cárcel a cumplirse de forma consecutiva entre sí.[6] Inconforme con este dictamen, el 7 de noviembre de 2018 el Peticionario solicitó reconsideración, la cual fue declarada *No Ha lugar* el 13 de diciembre de 2018.[7] De igual forma, el Peticionario presentó otra moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra* en la que sostuvo que las penas debían cumplirse de manera concurrente y no de forma consecutiva. Además, arguyó que su representación legal no lo representó adecuadamente. Esta moción fue declarada *No Ha Lugar* el 24 de enero de 2019. Insatisfecho, el Peticionario acudió

---

[5] Véase, KLCE201800176, *Sentencia* emitida el 30 de abril de 2018, pág. 3.
[6] Véase, KLCE201900201, *Sentencia* emitida el 26 de abril de 2019, pág. 2.
[7] *Íd.*

ante este foro apelativo mediante *certiorari* el 25 de febrero de 2025 en el alfanumérico KLAN201900201 y esgrimió los siguientes errores:

> Erró el T.P.I. al declarar con un escueto no ha lugar la moción al amparo de la regla 192.1 R.P.C. cuando la misma se trata de las violaciones de derechos constitucionales.
>
> Erró el T.P.I. al declarar no ha lugar la moción al amparo de la regla 192.1 R.P.C. esto sin establecer las cuestiones en controversia ni formular las determinaciones de hecho y conclusiones de derecho con respecto a la misma.
>
> Erró el T.P.I. al no conceder una vista evidenciaria para establecer las cuestiones en controversia presentadas mediante la moción al amparo de la regla 192.1 R.P.C.[8]

El 26 de abril de 2019, un panel hermano emitió *Sentencia* mediante la cual acogió el *certiorari* instado por el Peticionario y revocó la resolución recurrida. En dicha sentencia, el panel hermano dispuso: "[s]e devuelve el caso al Tribunal de Primera Instancia, para que conforme a los parámetros de la Regla 192.1 de Procedimiento Criminal, le asigne representación legal de oficio al Sr. Roberto Omar Carbonell Rosado y celebre una vista para dilucidar la controversia en cuanto a si al peticionario se le violó su derecho a una representación legal adecuada".[9]

En cumplimiento con lo ordenado por esta Curia, el foro primario celebró el 31 de enero de 2020 una vista conforme a la Regla 192.1 de Procedimiento Criminal, *supra,* y posteriormente, el 12 de marzo de 2020, el foro *a quo* emitió *Resolución* mediante la cual concluyó que no hubo violación al derecho del señor Carbonell Rosado de contar con una representación legal adecuada. Por tanto, se denegó la petición al amparo de la Regla 192 de Procedimiento Criminal, *supra.*

Así las cosas, el 14 de marzo de 2025, el Peticionario presentó *Moción Bajo Regla 192.1 de Procedimiento Criminal* en la que solicitó la corrección de la *Sentencia* que le impuso una pena de reclusión a ser cumplida de forma consecutiva, pese a que en el

---

[8] *Íd.,* pág. 4.
[9] *Íd.,* págs. 11.

acuerdo con el Ministerio Público se había pactado que la pena se cumpliría de forma concurrente.[10] Por su parte, el 29 de abril de 2025, el Ministerio Público presentó *Oposición a Moción Bajo Regla 192.1 de la de Procedimiento Criminal.*[11] En esta, argumentó que, el foro primario tiene discreción para establecer la manera en que las penas se deben cumplir. Evaluada las posturas de las partes, el 15 de mayo de 2025, el foro primario declaró *No Ha Lugar* la *Moción bajo la Regla 192.1 de Procedimiento Criminal* instada por el señor Carbonell Rosado.

Aun inconforme, el 24 de junio de 2025, el peticionario acudió ante este nos mediante un recurso de *certiorari*, en el cual formuló los siguientes señalamientos de error.

> [Erró] el Tribunal de Primera Instancia al declarar "no ha lugar la solicitud del convicto", sin exponer razón alguna o fundamentar su determinación.

> [Erró] el Tribunal de Primera Instancia al declarar "no ha lugar la solicitud del convicto" sin tener presente que no se cumplió con el preacuerdo en cuanto a la forma o modo de cumplirse las sentencias las cuales eran para cumplirse de forma concurrente.

El 14 de julio de 2025, emitimos *Resolución* en la que le concedimos diez (10) días a la parte Recurrida para que expusiera su posición en torno al recurso. Oportunamente, el 24 de julio de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico compareció con *Escrito en Cumplimiento de Orden*. Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de

---

[10] Véase, SUMAC TA, Entrada 3, Anejo: *Moción Bajo Regla 192.1 de la de Procedimiento Criminal.*
[11] Véase, SUMAC TA, Entrada 3, Anejo: *Oposición a Moción Bajo Regla 192.1 de la de Procedimiento Criminal.*

Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, el Peticionario no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en

la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos anteriormente expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones